CIRCUIT COURT OF THE CITY OF RICHMOND

Margaret Smith

v.

Hope Village, Inc. and
Robinson-Harris and Co., Inc.

March 27, 1981

Case No. LD 341

By JUDGE MARVIN F. COLE

This matter is before the court on a motion of the defendants for summary judgment on the grounds that an exculpatory clause in the Rules and Regulations entered into by the parties on July 21, 1972, relieves the defendants of all liability. Clause 17 of the Rules and Regulations states the following:

> Nor shall the Landlord be responsible for any damage to the tenant or any occupant of the dwelling resulting from any other cause whatsoever unless caused by willful negligence of the Landlord.

The lease between the parties was entered into on July 21, 1972, and was for a term beginning on August 1, 1972, and ending on July 31, 1973, but the lease further provided that it would be automatically renewed for successive terms of one month each at the stated rental subject to adjustment as provided therein. Either party may terminate the lease at the end of the initial term or any successive term by giving 30 days written notice in advance to the other party.

The Virginia Residential Landlord and Tenant Act became effective on July 1, 1974. This was after the initial lease term was up, but during the period that automatic renewals were in existence. Section 55-248.9 of the Act provides as follows:

(a) A rental agreement shall not contain provisions that the tenant:

(4) Agrees to the exculpation or limitation of any liability of the landlord to the tenant arising under law or to indemnify the landlord for that liability or the costs connected therewith.

The plaintiff's position in this case is that the exculpatory clause is invalid under the provisions of the Virginia Residential Landlord and Tenant Act. The defendants' position is that the Act is not applicable to the lease in this case since the lease was in existence when the Act became effective.

The Act does not indicate whether it affects renewals of pre-existing leases. However, the Uniform Residential Landlord and Tenant Act, upon which the Virginia statute was modeled, comments in Section 6.101 that it was the intention of the drafters that the Act apply to all leases, renewals and other events occurring after its effective date. Since the Virginia Act follows the Uniform Act it is reasonable to infer that including renewals was the intent of the General Assembly as well. See Vol. 60, page 1599, University of Virginia Law Review.

Section 55-248.3 states the purposes of the Act, and one of the purposes is to establish a single body of law relating to landlord and tenant relations throughout the Commonwealth. If the Act is not made applicable to renewals, then it will be years before we have a single body of law.

In Rubin v. Gochrach, 186 Va. 786, the Supreme Court stated the following:

We are not particularly interested in discussing whether a hold-over tenancy constitutes a renewal or extension of the original lease or a new tenancy. A hold-over tenancy upon the same terms and conditions as the original tenancy, though it be, in a sense, a new tenancy, carries with it the same obligations and privileges as are carried by a tenancy in renewal and extension of the terms of the original lease.

Section 55-248.10 of the Act states that the act shall apply to all rental agreements entered into after July 1, 1974. I am of the opinion that this includes renewal of leases already in existence as well as initial agreements.

I am of the opinion that the Virginia Residential Landlord and Tenant Act is applicable to renewal of leases and therefore the exculpatory clause in the Rules and Regulations is now invalid.